**STATE of Missouri, Respondent,**

v.

**Terry McINTYRE, Appellant.**

**No. 45764.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer Denied July 6, 1983.

---

T. Patrick Deaton, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of robbery in the first degree in violation of § 569.020, RSMo. 1978, and of exhibiting a deadly weapon in a rude, angry, or threatening manner in violation of § 571.115, RSMo. 1978. The court found defendant to be a dangerous offender and sentenced him to a term of fifteen years' imprisonment on the first charge and a concurrent five-year term on the second charge. We affirm.

The state introduced evidence sufficient to permit the jury to reasonably find the following facts. On July 10, 1981, defendant went to a car dealership, identified himself as Mark Page, and asked to see a sports car. A salesman showed defendant the car and took him for a test drive. The salesman drove the car first, then the defendant drove the car back to the dealership. Defendant expressed an interest in something less expensive, and the salesman showed him a second car. The two left the dealership in the second car with the salesman driving. After a few minutes, defendant indicated that it was his turn to drive and pointed a small pistol at the salesman. The salesman pulled the car into a parking lot and got out. Defendant got out, walked around to the driver's side, got in, and drove away. The salesman called the police and reported the robbery. A police officer who heard the broadcast report of the robbery spotted the stolen car and pursued it until it hit a light standard. The defendant got out of the car and ran toward a wooded area. The officer shouted for defendant to stop, and defendant turned, pointed a gun at the officer, and then ran into the woods. The officer returned to his car and requested assistance. A short time later, a second police officer found the defendant hiding in the basement stairwell of a house in the area. Defendant presented no evidence.

In his first point on appeal, defendant contends, in essence, that the trial court erred in failing to designate the victim in the instruction on the charge of displaying a weapon. Defendant argues that, because that instruction did not designate a victim, the jury may have based its guilty verdict on defendant's displaying his gun in a threatening manner to the salesman during the robbery. This, defendant contends, would constitute double jeopardy because display of a weapon in a threatening manner is a lesser included offense of robbery in the first degree.

We rule this point against defendant. Defendant was charged by information. In Count I, he was charged with robbery in the first degree of Patrick Patterson, the car salesman. In Count II, he was charged with displaying a deadly weapon in a rude, angry, or threatening manner in the presence of David Barron, the police officer. Each of the verdict-directing instructions referred to the appropriate count. The instruction on Count I designated the car salesman as the victim. The instruction on Count II followed MAI–CR2d 31.22 which does not provide for designating a victim of the crime of displaying a weapon in a rude, angry, or threatening manner. The court also submitted MAI–CR2d 2.70 which instructs the jury that each count refers to a separate offense. The defendant did not provide us with a transcript of the opening statements or closing arguments, and he does not contend that the state misled or confused the jury on this issue during argument. We can presume that the omitted portions of the transcript are unfavorable to defendant's position on appeal. *State v. Dade,* 629 S.W.2d 418, 420 (Mo.App.1981). We find that, under all the circumstances of this case, it is unreasonable to speculate that the jury did not know

and understand that the instruction on Count II, displaying a weapon, referred to defendant's pointing the gun at the police officer. *See State v. Woodfin,* 559 S.W.2d 273, 276 (Mo.App.1977).

■ In his second point on appeal, defendant contends the trial court erred by failing to instruct the jury on the offense of stealing without consent. This point is without merit. An instruction on a lesser included offense is required only when there is evidence to support acquittal of the greater offense and conviction of the lesser offense. § 556.046.2, RSMo. 1978; *State v. Savage,* 621 S.W.2d 116, 119 (Mo.App.1981). There was no such evidence in this case. The state introduced evidence that defendant had robbed the salesman of the car at gunpoint, and the defendant neither testified nor introduced evidence. There was no evidence to support a finding by the jury that defendant had stolen the car without using a weapon. The trial court did not err in refusing to give an instruction on stealing.

■ In this third point on appeal, defendant contends the trial court erred in refusing to permit defendant to cross-examine one of the police officers about statements defendant had made after his arrest. The state did not introduce any evidence about those statements. At trial, defense counsel indicated that he wanted to show that defendant had spoken freely with the police, without counsel, and had not admitted either offense with which he was charged.

We rule this point, too, against defendant. The statements about which defense counsel attempted to elicit testimony were self-serving out-of-court hearsay statements which were not part of the *res gestae.* As such the testimony was not admissible, and the court properly excluded it. *State v. Walker,* 616 S.W.2d 89, 92–93 (Mo. App.1981).

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.