**STATE of Missouri, Respondent,**

v.

**James WESTRICH, Appellant.**

**No. 46168.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 17, 1984.

Application to Transfer Denied
March 20, 1984.

Claude Hanks, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

## PER CURIAM.

This case is re-written after a rehearing by the court. Much of an opinion written by Ruddy, Sp.J., is adopted without quotation marks.

The defendant, James Westrich, was charged with murder in the second degree and first degree assault. After a jury trial, he was convicted of the offense of manslaughter, a violation of § 565.005, RSMo. 1978, and acquitted on the assault charge. He was sentenced as a prior offender to ten years' imprisonment in the Missouri Department of Corrections. We reverse his conviction and remand for a new trial.

On October 24, 1981, the deceased victim, John Harbin, and his three brothers dined together. Later that evening they went to an establishment called the Eagle Lounge. While there, John Harbin overheard someone at the bar say he possessed "brass knuckles" and he wanted to "deck" Robert Harbin, one of the deceased's brothers. The Harbins decided to leave the tavern and headed for the exit. While leaving, however, John Harbin argued with the defendant and reached for him. Three witnesses testified that although the deceased moved toward the defendant, he had no weapon in his hands. The state's evidence showed that defendant then pulled an automatic pistol from his pocket and fired at the deceased. The deceased was shot three or four times, once from a distance of six inches; he was struck in the leg, abdomen and upper left chest.

At trial, the defendant contended that the deceased was armed with a pool cue and began the altercation by striking the defendant in the mouth with his fists. He further claimed that he backed away from the deceased before picking up a gun, which he found lying on the floor, and shooting the deceased. Defendant denied he had possession of this gun prior to this time.

On appeal, the defendant first contends that there was insufficient evidence to support the manslaughter conviction. We note that this court must accept as true all the evidence and inferences in favor of the verdict and disregard all evidence and inferences to the contrary. *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980). After a thorough review of the record in accordance with this standard, this court finds the evidence sufficient to support the manslaughter conviction. *See State v. Swingler,* 632 S.W.2d 267, 270 (Mo.App. 1982).

The elements of manslaughter are well established. The crime involves: (1) the killing of a human being; (2) by the act, procurement or culpable negligence of another; (3) which is neither murder, nor excusable homicide. *State v. Manning,* 612 S.W.2d 823, 827 (Mo.App.1981); § 565.005, RSMo.1978. Manslaughter does not require specific intent to commit the crime, as do other degrees of homicide. Rather, the essence of the crime of manslaughter is simply the killing of another person. *State v. McCall,* 602 S.W.2d 702, 708 (Mo.App.1980). In the present case, we find that the defendant's own testimony established a prima facie case; he stated that he fired sev-

eral shots at the deceased, and the deceased died as a direct result of the injuries he received from this altercation.

The defendant next complains that the trial court erred in permitting the state to cross-examine him about probation for another unrelated offense, whether he violated the conditions of that probation, and whether he had been arrested a year before this occurrence.

On direct examination, defendant testified that he had previously pleaded guilty to charges of assault, stealing under $50.00, and attempted stealing from a person. On cross-examination, the assistant prosecuting attorney, without objection, brought out that defendant was on probation at the time of the shooting. He then asked defendant whether his probationary status prohibited him from carrying a gun. Defense counsel's objection was overruled and defendant acknowledged that was a condition of his probation. On redirect examination, defendant stated he had never carried a gun while on probation. On recross-examination, after defendant acknowledged he was on probation on September 20, 1980, a year prior to the offense, he was asked whether he had been "caught in possession of a firearm by police officers?" Defense counsel objected, but the trial court ruled the question was proper and defendant denied having a firearm in his possession at that time.

Subsequently, the state offered three rebuttal witnesses who testified they had observed defendant in possession of a gun in September, 1980.

No objection at trial was made concerning whether defendant had been placed on probation and, therefore, we consider the matter waived. However, timely challenge was made to the state's questions concerning the condition of probation, whether defendant had been "caught" with a gun in September, 1980, and the testimony of the three rebuttal witnesses.

■ The state argues the line of questioning and testimony were proper rebuttal to defendant's statement that he never possessed a gun. However, the record establishes that the defendant's denial only came after the state improperly raised the issue of the conditions of probation. Under those circumstances it cannot be deemed proper rebuttal.

■ We have concluded that the state's questioning of defendant as to whether he had been "caught" with a firearm by police constituted evidence of a prior arrest. Such a question was totally irrelevant and highly prejudicial to defendant. Proof of separate and distinct crimes that do not result in conviction are inadmissible unless they legitimately tend to establish that the defendant is guilty of the crime for which he is on trial. *State v. Lasley,* 583 S.W.2d 511, 517 (Mo. banc 1979). The evidence here in no way implicated defendant in the crime for which he was on trial. *State v. Carter,* 475 S.W.2d 85, 88–89 (Mo.1972). Such evidence was highly inflammatory and prejudicial and requires a reversal and remand of this case.[1]

Since this case must be retried, we find it unnecessary to address defendant's remaining allegation.

Reversed and remanded.

---

1. Moreover, when defendant on cross-examination denied being in possession of a gun on September 20, 1980, the state was bound by his answer. It is the rule in Missouri that when a defendant in a criminal trial is cross-examined with respect to a collateral matter for purposes of impeachment, his answers are conclusive and may not be the target of rebuttal testimony. *State v. Cheesebrew,* 575 S.W.2d 218, 223 (Mo.App.1978); *State v. Panter,* 536 S.W.2d 481, 485 (Mo.App.1976). Whether defendant had violated the terms of his probation a year earlier was a wholly collateral matter to any issue in the case.