**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ronald RICHARDSON,
Defendant-Appellant.**

**No. 46894.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

**162**

Laurence F. Alter, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Deborah J. Neff, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

A jury found appellant Ronald Richardson guilty of first-degree murder, § 565.-003 RSMo.1978, and he appeals from the trial court judgment and sentence of life imprisonment in the Missouri Department of Corrections. The jury found that appellant and a companion had beaten to death and robbed a seventy-two year old man in an alley in north St. Louis. The judgment is affirmed.

Richardson's nine points of error can be consolidated into six points. First, appellant challenges on equal protection grounds the disparity between the judgments and sentences rendered against him and a white co-participant. Appellant is black. Second, he claims that certain evidence relating to the voluntariness of statements made to police should not have been removed from the jury's consideration. Third, appellant argues that evidence of separate crimes, bad acts and bad character were improperly admitted into evidence. Fourth, he claims it was error for the trial court to allow his co-participant to speculate on the amount of time which would actually be served on a life sentence. Fifth, appellant contests the use of evidence, a letter from appellant to co-participant, not timely disclosed through discovery. Sixth, he claims error in the use or failure to use certain verdict directing instructions.

No precedential value would be served by an extended discussion of the first four points. They are denied in compliance with Rule 84.16(b).

On December 31, 1981, at approximately 5 p.m., 71-year-old John Drozkowski was robbed, beaten and left in an alley behind a Majik Market convenience store. He died on January 12, 1982. The cause of death was trauma or injury to the skull and brain.

On January 6, 1982, the police questioned Raymond Taylor concerning the assault and robbery. After bargaining with police on two other burglary charges pending against him, Taylor made a recorded statement implicating the appellant in the Drozkowski robbery and murder. Taylor was then released.

On January 8, 1982, Taylor was arrested and this time he confessed that both he and appellant had robbed and assaulted Drozkowski. When confronted with Taylor and his confession, appellant made a statement

to police. He was subsequently charged with one count of robbery and one count of murder in the first degree. He was convicted of first-degree murder and sentenced to life imprisonment.

In his fifth point appellant challenges the use of letters written by appellant to Taylor. He argues their use was improper because the state failed to comply with the rules of discovery.

While the trial was in progress, a conference was held in the judge's chambers at which the prosecutor revealed that he had received, two days previously, some letters written by appellant to Taylor. The prosecutor stated that he had not decided to use the letters or call Taylor as a witness until the prior evening and therefore, did not turn the letters over to appellant's attorney until the morning of the day of the conference. Taylor had testified that morning, prior to the conference.

Appellant's counsel objected to their use on the ground that he should have received the letters two days before, in accordance with discovery procedure. The trial court agreed, and the trial judge gave appellant's attorney two options: (1) take a recess from Friday noon to Monday morning so that the letters could be studied more thoroughly; or (2) recall Taylor and cross-examine him on the letters. Appellant's attorney refused both options.

Assuming the state did violate the rules of discovery, *see* Rule 25, the key question is whether the failure to disclose resulted in fundamental unfairness or prejudice to

defendant. *State v. Mansfield,* 637 S.W.2d 699, 703 (Mo. banc 1982), citing *State v. Moten,* 542 S.W.2d 317, 320 (Mo.App.1976).

■ Fundamental unfairness is measured by whether the evidence or the discovery thereof would have affected the result of the trial. *State v. Stewart,* 636 S.W.2d 345, 348 (Mo.App.1982). If a fundamental unfairness did result, Rule 25.16 authorizes the trial court to "order ... disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders a it deems just under the circumstances."

■ Appellant erroneously contends that by allowing use of the letters at trial, the trial court failed to impose the sanctions authorized under Rule 25.16. However, the sanction imposed when discovery rules are violated is within the sound discretion of the trial court. *State v. Stewart, supra.*

■ The trial court gave appellant the option to utilize two sanctions: a two-and-one-half-day continuance or an opportunity to recall Taylor. Those options were refused. The trial court's refusal to exclude the evidence, the only sanction sought by appellant's counsel, does not constitute an abuse of discretion. The point is denied.

Finally, appellant contests the use and refusal to use certain jury instructions.

Appellant first complains of the giving of a felony murder verdict director which combined MAI CR–2d 2.12 and 15.12.[1]

---

1. A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:
First, that on December 31, 1981, in the City of St. Louis, State of Missouri, the defendant and Raymond Taylor caused the death of John Drowsky [sic] by striking him, and
Second, that they did so in committing or attempting to commit robbery in the first degree of John Drowsky, [sic]

then you are instructed that the offense of murder in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:
Third, that with the purpose of promoting or furthering the commission of robbery in the first degree the defendant acted together with or aided Raymond Taylor,
then you will find the defendant guilty of murder in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions submitted in this instruction, you must find the defendant not guilty of that offense.

A person commits the crime of robbery in the first degree if he forcibly steals and in the

At the instruction conference, the trial judge stated: "[This instruction encompasses] the language of MAI CR–2d 2.12, promulgated by the Supreme Court for use mandatorily after January 1, 1983, which can be used prior to that time. There is a note on use that the form should not be used with a submission of murder first degree, but we are using it because paragraph 30 states that: 'With the promoting or furthering the commission of robbery the defendant acted together with or aided Raymond Taylor.' In *State v. Hanley*, 585 S.W.2d 458 [Mo.1979], the Court indicated that felony murder requires aiding and abetting the robbery because of the strict legality imposed by the federal rule."

■ It is true that the Notes on Use specifically forbid the use of MAI–CR2d 2.12 (1983) in connection with the submission of felony murder, either first or second degree. MAI–CR2d 2.12 (1983) Notes on Use, Note 2. Although a deviation from the MAI is presumptively prejudicial, *State v. Graves*, 588 S.W.2d 495 (Mo. banc 1979), "not every deviation from an approved instruction ... requires reversal and although deviation should be discouraged in all cases, even when a deviation is error the question whether it is prejudicial error remains to be judicially determined." *State v. Harris*, 564 S.W.2d 561, 573 (Mo.App. 1978).

The Notes on Use are explicit on the use of MAI–CR2d 2.12 in a first-degree murder case. But that combination has been implicitly approved by the Missouri Supreme Court, sitting en banc, in instances where there was party responsibility. *State v. Robinson*, 641 S.W.2d 423, 424–425 (Mo. banc 1982).

■ In *State v. Guyton*, 635 S.W.2d 353, 358 (Mo.App.1982), this court stated, "When the defendant is an aider or participant of first-degree murder, MAI–CR2d 2.12 must be modified by the appropriate first-degree verdict director." In addition, appellant's counsel at trial recognized that

in an instance such as this, MAI–CR2d 2.12 could be used. There is nothing in the instruction that would mislead the jury nor does appellant so complain. Thus, this court finds no error and no prejudice.

■ Appellant also complains that the trial court failed to instruct the jury on the lesser offense of second-degree felony murder and first-degree assault. However, an instruction on a lesser-included offense is required only when there is evidence to support acquittal of the greater offense and conviction of the lesser offense. *State v. McIntyre*, 654 S.W.2d 188, 190 (Mo.App. 1983).

Section 565.004 RSMo.1978 defines murder in the second degree as: "All other kinds of murder at common law, not herein declared to be manslaughter or justifiable or excusable homicide...." "All other kinds of murder at common law" has been determined to be: (1) intentional murder, nondeliberate, and (2) homicides committed in the perpetration of or attempt to perpetrate *any felony other than the five listed in the first degree murder statute.*" *State v. Clark*, 652 S.W.2d 123, 127 (Mo. banc 1983). (Emphasis added).

■ Here the felony (robbery) committed along with the murder is a felony included in the first degree murder statute, § 565.003 RSMo.1978. There was no evidence which would have supported a conviction for second-degree felony murder. Therefore, no error resulted in failure to give a second-degree murder instruction.

There was also no error in failure to give a first-degree assault instruction. There was no evidence to support it. The victim in this instance died from the attack upon him. Assault in the first degree is clearly defined in § 565.050 RSMo.1978 as an attempt to kill or cause serious physical injury—in other words an action which would constitute murder if death should result. When murder actually results, a first-degree assault instruction is inappropriate.

course of stealing he or a participant in the crime with him uses or threatens the use of a

dangerous instrument against any person or causes serious physical injury to any person.

Appellant complains that the manslaughter instruction submitted to the jury was erroneous.[2] He bases his contention on *State v. Guyton*, 635 S.W.2d 353 (Mo.App. 1982), where an example was given of a proper version of the MAI–CR2d 2.12 then in effect modified by MAI–CR2d 15.18. However, the reliance on *Guyton* is fatal for several reasons. First, and most important, a different and newer version of MAI–CR2d 2.12 was used in this case. The paragraph which appellant claims was missing from the instruction has been replaced with a more comprehensive and coherent statement of aider-participant liability. Second, the instruction in *Guyton* was found to be prejudicial because it erroneously included robbery as an element of manslaughter. No such error occurred here.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.

**2.** If you do not find the defendant guilty of murder in the first degree, or murder in the second degree, you must consider whether he is guilty of manslaughter.

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on December 31, 1981, in the City of St. Louis, State of Missouri, the defendant and Raymond Taylor, caused the death of John Drowsky [sic] by striking him,

then you are instructed that the offense of manslaughter has occurred and if you further find and believe from the evidence beyond a reasonable doubt:

Second, that with the purpose of promoting of furthering the commission of manslaughter the defendant acted together with or aided Raymond Taylor,

then you will find the defendant guilty of manslaughter.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.