STATE of Missouri,
Plaintiff-Respondent,

v.

Donald E. CLEMENS,
Defendant-Appellant.

No. 49887.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 18, 1986.

Motion for Rehearing and/or Transfer
Denied May 6, 1986.

Application to Transfer Denied
June 17, 1986.

Richard D. Bender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant's only point on appeal of his conviction for robbery challenges admission of the state's rebuttal evidence. Defendant here contends the trial court erred in permitting two rebuttal witnesses for the state to testify that defendant had been in the victimized liquor store five months before the date of the robbery and fifteen months after.

In the state's case in chief the victims testified: On September 4, 1981, defendant at gunpoint forced victim Ruth Foster into a back room and waited until victim Michael Dolan returned from cashing a $14,200 check to use in cashing customers' payroll checks. Defendant took the money and as he fled ordered the victims to stay in the back room. At trial both victims identified defendant as the robber.

Defendant testified he did not know whether he had been in the store on September 4, 1981, the date of the payroll robbery, but that he could have been. By the challenged rebuttal Kathleen and Barrett Dolan, mother and brother, respectively, of the liquor store proprietor, testified that they saw defendant in the store on dates before and after the robbery. Barrett stated defendant was in the store on a date four months before the robbery, while his mother said she saw defendant in the store fifteen months after the date of the crime.

The now challenged rebuttal testimony tended to show defendant was in the area of the store for some twenty months, that he knew when the payroll money was to

arrive and he could have been present at the time of the robbery.

◼ We deny defendant's contention the trial court erred by admitting this rebuttal testimony. The admission and scope thereof is generally discretionary with the trial court. *State v. Garrett,* 682 S.W.2d 153[10, 11] (Mo.App.1984). Its precise scope is within the trial court's discretion because it may directly or impliedly disprove defendant's evidence. *State v. Cameron,* 604 S.W.2d 653 [9, 11] (Mo.App.1980).

Affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

CARL R. GAERTNER, Presiding Judge, dissenting.

I respectfully dissent. I believe the rebuttal testimony was improper, irrelevant and totally unnecessary. Moreover, the manner in which the evidence was presented was, in my opinion, calculated to create a prejudicial inference depriving defendant of a fair trial.

Three dates are critical to understanding the error urged on appeal: April 30, 1981, September 4, 1981, and December 7, 1982. In Count I of an information defendant was charged with the armed robbery of the 3M package liquor store on April 30, 1981 and, in Count II, with the robbery of the same store on September 4, 1981. The trial court sustained defendant's motion for severance of the two counts.

It is also necessary to identify the cast of characters.

Barrett Dolan—victim of the April 30, 1981 robbery.

Michael P. Dolan—owner of liquor store and victim of September 4, 1981 robbery.

Kathleen Dolan—mother of Michael and Barrett, present in store on December 7, 1982.

This appeal arises from the trial of Count II, the September 4, 1981 robbery. By pre-trial motion in limine, defendant sought to preclude the state from introducing the testimony of Barrett Dolan, the victim of the April 30 robbery. The trial court deferred ruling on this motion. During the state's case-in-chief, the assistant prosecuting attorney attempted to call Kathleen Dolan to testify she had observed defendant in the store on December 7, 1982, 15 months after the robbery in question. The trial court sustained defendant's objection to this testimony.

Testifying in his own behalf, defendant denied any involvement in the September 4, 1981, robbery. On cross-examination, the assistant prosecutor inquired as follows:

Q. (By Mr. Moss) I take it you said that you were not—you did not commit this robbery. Therefore, you're saying you weren't in the store on September 4th, 1981? You weren't there?

A. I can't say that I wasn't in the store. I can say that I did not commit any robbery.

Q. Well, wait a minute now. Were you in the store on September 4th, 1981 or not?

A. I don't know....

Q. Okay. What about April 30th, 1981? Were you in the store on that date?

Defendant's counsel immediately objected on the grounds of relevance and that the state was intending to offer evidence of another crime. A bench conference covering six pages of transcript then ensued during which the assistant prosecutor conceded his purpose was to lay a foundation for rebuttal testimony regarding defendant's presence in the store on April 30. The trial court overruled defendant's objection and the following testimony ensued:

Q. (By Mr. Moss) Mr. Clemens, were you in the 3 M Liquor Store on Dorsett Road on April 30, 1981?

A. I don't think so.

Q. Now, were you in there on September 7th, 1982—or not September, I'm sorry—December 7th, 1982?

A. I could have been there on either of those occasions. I don't know.

Q. Wouldn't you know if you frequented or went more than two or three times to a liquor store?

A. Well, possibly. It's a big city.

Q. Right. But wouldn't you—I'm not saying you'd know the date, but wouldn't you know if you went in there or not?
A. No.

In rebuttal, over defendant's continuing objection, Barrett Dolan was permitted to testify to seeing defendant in the store on April 30, 1981, and Kathleen to seeing him there on December 7, 1982.

Despite the basic principle that the scope of rebuttal testimony is within the sound discretion of the trial court, I believe the admission of this testimony was erroneous. Rebuttal testimony is "competent testimony that tends to explain, counteract, repel or disprove evidence offered by defendant." *State v. Dizdar,* 622 S.W.2d 300, 302 (Mo.App.1981), (*quoting State v. Williams,* 442 S.W.2d 61, 65 (Mo. banc 1968), *overruled on other grounds* in *State v. Ayers,* 470 S.W.2d 534, 538 (Mo. banc 1971)). Does the fact that defendant was seen in the store by persons not witnesses to the robbery in question on a date four months before or 15 months after the robbery have any tendency toward explaining, counteracting, repelling or disproving defendant's admission that he may have been in the store on those occasions? Obviously not.

Moreover, the rule concerning the admission of rebuttal evidence is limited to "competent testimony." The fact that defendant may or may not have been in the store four months before or 15 months after September 4, 1981 has no bearing whatsoever on the question of his commission of the robbery on that date. The majority opinion attempts to justify the admission of the testimony on the basis of its tending "to show defendant was in the area of the store for some 20 months, that he knew when the payroll money was to arrive and that he could have been present at the time of the robbery." I submit his presence at the store on April 30, 1981 and December 7, 1982 proves none of these matters. The evidence, which in no way implicates defendant in the crime for which he was on trial, was totally irrelevant. Evidence which unnecessarily diverts the attention of the jury from the question to be decided

should be excluded. *State v. Taylor,* 663 S.W.2d 235, 239 (Mo. banc 1984).

Additionally, this case presents a classic example of the rationale underlying the rule that "when a defendant in a criminal case is cross-examined with respect to a collateral matter for purposes of impeachment, his answers are conclusive and may not be the target of rebuttal testimony." *State v. Westrich,* 664 S.W.2d 614, 616 n. 1 (Mo.App.1984). The assistant prosecutor admittedly introduced the irrelevant dates on cross-examination of the defendant for the sole purpose of laying a foundation for rebuttal testimony. He acknowledged that since the two robbery counts had been severed he would not offer evidence detailing the first crime. The fact that defendant was seen on these remote occasions by persons who were not witnesses to the robbery on trial has no tendency to bolster or corroborate the identification of the robber made by those who were present at the time. The defendant's presence in the store on two occasions 20 months apart is a purely collateral matter and the defendant's reply to the inquiries on the subject were conclusive.

In *State v. Miller,* 650 S.W.2d 619, 621 (Mo. banc 1983) our Supreme Court stated:

In *State v. Degraffenreid,* 477 S.W.2d 57, 64 (Mo. banc 1972) this Court stated that "error in the admission of evidence should not be declared harmless unless it is so without question." The more understandable and prevailing standard is that error can be declared harmless only if we are "able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705.

That the improper rebuttal testimony was calculated to inject prejudicial inferences into the minds of the jurors can be seen from the order and manner of the interrogation. Barrett Dolan was asked:

Q. Would you look around the courtroom and tell me whether or not you see anyone who was in your store on the—in

the evening, late evening hours of *April 30th, 1981*.

A. Yes, I do.

Q. Where?

A. He's the man sitting at the defense table in the blue suit, light blue suit.

Q. All right. In *December of '82*, did you converse with an Officer Ventimiglia?

A. Yes, I did.

Q. In the course of that conversation, did he show you some photographs?

A. Yes, he did.

The examination of Kathleen Dolan proceeded in similar fashion:

Q. All right. I'd ask you to look around the courtroom and tell me whether or not you recognize anyone who was in your store on December 7th, 1982.

A. Yes.

Q. Where? Where is the person?

A. Over there (indicating).

Q. Okay. What's he wearing? What's he have on?

A. A light blue suit.

Q. Okay. Did you see this individual in your store on *December 7th, 1982?*

A. Yes.

Q. Did Officer Ventimiglia show you a series of photographs on *December 8th, 1982?*

A. Yes.

Q. And did you recognize anyone in those photographs?

A. Yes, I recognized one.

Would not the attentive juror ask:

What happened on April 30, 1981, to so indelibly impress the defendant's appearance upon the witness' memory that he could recall his face some 20 months later?

What happened on December 7, 1982, to cause the police to show photographs to Barrett and Kathleen the next day? [1]

What is the prosecutor trying to tell us by asking the defendant and these two witnesses questions concerning such re-

mote dates as April 30, 1981 and December 7, 1982?

I am unable to conclude that the deliberate interjection of this irrelevant evidence was harmless without question—harmless beyond a reasonable doubt.

I would reverse and remand for a new trial.

---

1. The evidence also showed Michael Dolan first identified the September 4, 1981 robber from

photographs shown to him by the police 15 months later in December, 1982.