STATE of Missouri,
Plaintiff-Respondent,

v.

Gary W. JACKSON,
Defendant-Appellant.

No. 51972.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Leonard W. Buckley, Jr., St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Louren R. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Gary Jackson, was charged with capital murder of Virginia O'Brien, Section 565.001 RSMo 1978. A jury convicted him of manslaughter, Section 565.-005 RSMo 1978. The crime occurred prior to October 1, 1984. The court sentenced defendant as a prior and persistent offender to fifteen years in prison. His companions in crime, Verna Mae Jones and Craig Jones were charged, tried, convicted and sentenced for capital murder. These two convictions were affirmed by this court in *State v. Jones*, 726 S.W.2d 400 (Mo.App. 1987) and *State v. Craig Jones*,[1] — S.W. 2d ——, No. 51839 (June 16, 1987).

In addition to the facts given in the previous opinions of the Jones' appeals, the following facts are relevant to defendant's two points on appeal. During cross-examination of state's witness, Officer Deakin, defense counsel introduced his theory of the case: that Jackson willingly participated in the burglary of Virginia O'Brien's home, but neither knew of nor participated in her murder. During the burglary Jackson became aware of the fact that O'Brien was bound, gagged and placed in a bathtub full of water. The medical examiner testified that the cause of death was asphyxia (lack of oxygen), but that he could not determine if O'Brien died before or after being placed in the bathtub. O'Brien may have been alive while Jackson was taking property from her home; however, he did nothing to save her.

Defendant appeals claiming two trial court errors: (1) the trial court committed plain error by allowing state's manslaughter instruction because it misstated the law on party liability by requiring the jury to find that defendant had a purpose to promote manslaughter and (2) the trial court erred in overruling defendant's motion for acquittal because there was insufficient evidence to convict defendant as an aider or abettor of manslaughter. We will consider the points in reverse order.

Defendant's second claim of error challenges the sufficiency of the state's evidence "to prove that appellant intentionally or knowingly participated in the assault which led to Virginia O'Brien's death." This claim misconstrues the criminal responsibility recognized by the law of aiders and abettors who intentionally participate in a felony. If a person participates in a felony as an aider or abettor, he is liable for that offense and any other related offense he could reasonably anticipate would occur. *State v. Workes*, 689 S.W.2d 782, 785 (Mo.App.1985). Here defendant acknowledges active participation in a burglary. Possibility of discovery by the property owner during the commission

[1]. It is interesting to note that Craig Jones' defense was identical to Jackson's; each claimed he only participated in the burglary and not in the homicide.

of a burglary is easily within defendant's scope of anticipation. Criminal responsibility for the burglary carries with it criminal responsibility for the assault which resulted in O'Brien's death. *See, State v. Workes, supra; State v. Gonzalez-Gongora,* 673 S.W.2d 811, 813 (Mo.App.1984).

The defense theory was that Jackson participated in a burglary with two other people. At some point the property owner was murdered by the others. Defendant's evidence of non-involvement came before the jury by way of Officer Deakin's testimony, a state witness. Officer Deakin testified that after arrest Jackson admitted participation in the O'Brien burglary, but not in the homicide.

█ Based on this evidence, defendant contends the trial court erred in giving the following instruction:

### INSTRUCTION NO. 10

If you do not find the defendant guilty of capital murder or murder in the second degree, then you must consider whether he is guilty of manslaughter.

A person is responsible for his own conduct and he is also responsible for the conduct of other persons in committing an offense if he acts with them with the common purpose of committing that offense, or if for the purpose of committing that offense, he aids or encourages the other persons in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that between Friday, August 31, 1984, and Sunday, September 2, 1984, in the County of St. Louis, State of Missouri, the defendant and/or Verna Jones and/or Craig Jones caused the death of Virginia O'Brien by struggling with her and placing her in a bathtub filled with water, then you are instructed that the offense of manslaughter has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Second, that with the purpose of promoting or furthering the commission of manslaughter, the defendant acted together with Verna Jones and/or Craig Jones in committing that offense, then you will find the defendant guilty of manslaughter.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

Defendant relies on an opinion of this court to support his argument that the instruction was erroneous. We held in *State v. Guyton,* 635 S.W.2d 353 (Mo.App. 1982) that a manslaughter instruction must submit that crime free of any finding of intent because manslaughter under Section 565.005 RSMo 1978 "necessarily is without premeditation or malice." *Id.* at 358. The instruction submitted in *Guyton* required findings that Parks with the aid or attempted aid of Guyton, attempted to rob and that Guyton had the purpose of promoting the robbery. We found that it was error to submit a manslaughter instruction in that form because this converted the instruction from a manslaughter instruction to a felony murder instruction. The jury found defendant not guilty of felony murder, under another instruction, and guilty of manslaughter. On that basis the court failed to give the required manslaughter instruction which submitted only the elements of manslaughter. *Guyton* is inapposite to the present case because the manslaughter instruction given here submitted only the elements of manslaughter. The jury was not required to find that there was any intent on the part of defendant or Verna Jones or Craig Jones to cause the death of Virginia O'Brien. The instruction submitted by the trial court was in the form approved by this court in *State v. Richardson,* 674 S.W.2d 161 (Mo.App.1984). The distinction made in *Richardson* about the *Guyton* holding applies and fully rejects defendant's claim. *Id.* at 165.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.