**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Jimmy WILLYARD,**
**Defendant–Appellant.**

**No. 55115.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 22, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 20, 1989.

Richard H. Sindel, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of assault, first degree, and burglary, first degree, and the resultant concurrent sentences of life imprisonment and fifteen years imposed by the court. We affirm.

Defendant left St. Louis on June 15, 1987, to do some "partying." He and two companions spent that evening and most of the next day drinking and using drugs in the Flat River area. Upon their return to St. Louis on the night of June 16 they decided they needed more money to continue the partying. Defendant suggested that they burglarize the home of the victim. The victim was in her early seventies, had a substantial hearing impairment, had bad vision from cataracts, was just over five feet in height, weighed approximately 80 pounds, had had a mild stroke previously, and was on two medications to control heart rate and rhythm. Defendant had done some general handyman work for the victim and was aware that she paid for

everything in cash which she kept in her house.

At 11:00 p.m. or thereafter the victim retired to bed. She removed her hearing aid and glasses. Defendant and one of his companions, William "Hot Rod" Conway, approached her house and according to defendant's testimony knocked and rang the bell. When no response was received the two men entered the home by breaking a bedroom window. The victim saw the two intruders but was unable, because of her bad vision without glasses, to identify them as to gender, race or appearance. One of the men began beating her with a piece of wood. The house was ransacked, the telephone line cut, and blood was on the floor.

On June 21 the victim's sister called police after being unable to contact the victim for several days. The victim was found in the house sitting on a chair in the kitchen in a bruised condition. She was taken to the hospital where examination revealed a broken finger, lacerations on her body, and bruising over her whole face and neck and the front of her chest and on her arms and legs. The bruising covered 30% of her body. She also had significant anemia resulting from blood loss. She remained in the hospital for 19 days. During trial defendant stipulated that the injuries inflicted were life-threatening.

In his testimony defendant admitted that he suggested the burglary and the victim and that he participated in the burglary. He denied participating in the assault and testified he attempted to stop Conway from beating the victim and when unsuccessful left the premises with Conway still there.

For reasons not revealed by the record much of the trial was consumed by evidence of defendant's apprehension following a high speed police chase on July 2 and with testimony about whether or not the police used excessive force at the time of the apprehension and brutalized defendant after his capture. Defendant was shot in the chest at the time of his apprehension. Other than the proof of flight, which defendant admitted, we are unable to perceive the relevance of this testimony. But no issue of relevance is raised on appeal and

both parties acquiesced in and pursued the subject throughout the trial.

Defendant raises six issues on appeal. The first challenges the sufficiency of the evidence to support the assault conviction on the basis that the evidence does not establish defendant's participation in the beating or that he had a common purpose with Conway to beat the victim in that he did not aid or encourage Conway to assault the victim. In *State v. Workes*, 689 S.W.2d 782 (Mo.App.1985) [3–5] we stated:

"It is true that a culpable mental state must be found for all offenses for which the defendant is to be held liable ... But we think it too broadly states the proposition to require the evidence to establish a defendant's specific knowledge of which particular crime his co-participant will commit. The courts have held that culpable mental state may be inferred from the circumstances ... That is simply a way of expressing the concept that if a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes which he could reasonably anticipate would be part of that conduct."

In *State v. Jackson*, 736 S.W.2d 506 (Mo. App.1987) [1], we held that the possibility of discovery by the property owner during a burglary is easily within the defendant's scope of anticipation and makes the defendant criminally liable for an assault on the property owner. Here the circumstances clearly warrant the inference of a culpable mental state by defendant. He was aware of the victim's physical impairments, the burglary occurred during usual sleeping hours and it would be expected that if the victim were at home some physical attack on her would be necessary to complete the burglary. Defendant's testimony that he did not believe the victim was at home does not destroy the inference nor was it necessary that the jury believe that testimony or defendant's testimony that he attempted to stop the beating. The evidence was sufficient to support the assault conviction.

We have reviewed defendant's remaining points and find them equally without merit. One is not preserved because no relief was

sought and the objection made was nothing more than a complaint about the court's general method of handling trials. One involves an attempt to invoke the purely personal right of another for defendant's benefit. The remaining three rulings were clearly within the broad discretion of the trial court and we find neither error nor prejudice. Discussion of those points would have no precedential value and as to those additional five points we affirm pursuant to Rule 30.25(b).

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.