**STATE of Missouri, Respondent,**

v.

**Anthony COATS, Appellant.**

**No. 58386.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 16, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Michael A. Gross, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Defendant Anthony Coats was convicted by a jury of first degree assault, § 565.050, RSMo 1986, and sentenced to ten years' imprisonment. On appeal, defendant raises seven points which will be addressed in turn. We affirm.

Defendant does not challenge the sufficiency of the evidence. The sequence of events pertinent here began when the car defendant was driving was struck in the rear by a car driven by David Littlejohn, who left the scene. A protracted chase ensued. When defendant confronted Littlejohn a scuffle began. Defendant repeatedly struck, kicked, and stomped Littlejohn, who sustained severe injuries. Police officers arrested defendant at the scene.

In his first point, defendant contends that the trial court erred by refusing to allow him to ask prospective jurors during voir dire whether they could follow an instruction that the presence of sudden passion arising from adequate cause pre-

cludes a conviction for assault in the first degree. The trial court has discretion to control the nature and scope of questions during voir dire, and its rulings will be upheld unless that discretion is manifestly abused and there is a real probability that the complaining party was injured. *State v. Lottmann*, 762 S.W.2d 539, 540 (Mo.App. 1988).

■ The specific question at issue here was: "Now is there anyone here who does not believe that if sudden passion is involved in an assault that may mitigate or lessen the charge?" Unlike *State v. Brown*, 547 S.W.2d 797 (Mo. banc 1977), upon which defendant relies, this case involved a specific voir dire question, not an inquiry on a particular subject. *Id.* at 800. Further, as set forth in *Brown*, the proper procedure is to ask the prospective jurors whether, if the court gives them specific instructions, they have opinions or conscientious scruples which will prevent them from following the instructions. *Id.*

Defendant made no mention of instructions or of adequate cause and made no attempt to restate the question properly. Defendant was not precluded from making proper inquiry on the subject of whether the prospective jurors could comply with an instruction. There was no abuse of discretion. Point one is denied.

■ In his second point, defendant contends that the trial court erred in refusing to allow defendant to cross-examine Littlejohn about the suspension of Littlejohn's driving privileges at the time of the assault. The trial court has broad discretion over questions concerning the relevance and admissibility of evidence, *State v. Cooksey*, 787 S.W.2d 324, 328 (Mo.App.1990), the extent and scope of cross-examination, *State v. Skinner*, 734 S.W.2d 877, 885 (Mo. App.1987), and the order of proof at trial. *State v. Shaline*, 793 S.W.2d 167, 170 (Mo. App.1990). This court will not interfere with the exercise of that discretion unless it is clearly abused. *Cooksey*, 787 S.W.2d at 327.

■ A review of the transcript shows that the trial court did not refuse to allow the cross-examination. On the contrary, the trial court specifically and repeatedly stated that it would allow defendant to ask Littlejohn about his driving privileges at the time of the assault. The trial court merely limited the cross-examination by requiring that a proper foundation be laid so that the relevance of the evidence could be demonstrated. The trial court indicated that the witness could be recalled after the relevance had been established. There was no abuse of discretion. Point two is denied.

Defendant's third point asserts that the trial court erred by requiring defendant to testify out of the order recommended by his attorney. Defendant contends that this error arose from "the trial court's failure to grant a brief continuance" when defendant informed the court that a defense witness was absent.

■ An application for a continuance because of the absence of a witness must show due diligence to obtain the witness, Rule 24.10(a), and "reasonable grounds for belief that the attendance ... of such witness will be procured within a reasonable time." Rule 24.10(b). The trial court has broad discretion concerning the granting of continuances. *State v. Bogue*, 788 S.W.2d 772, 774 (Mo.App.1990). The exercise of that discretion will not be reversed without a very strong showing that the discretion was abused and that prejudice resulted. *Id.* This rule applies even where the continuance is sought because of the absence of a material witness. *State v. Tettamble*, 746 S.W.2d 433, 440 (Mo.App.1988).

■ Even though defendant did not submit a written motion accompanied by an affidavit, *see* Rule 24.09, the trial court granted a continuance early on Friday afternoon and over a weekend for the sole purpose of allowing an absent defense witness to testify. The witness had not been subpoenaed. Defendant could not say with any degree of certainty when the witness would be available or where the witness was at the time. On these facts, the trial court did not abuse its discretion when it granted the limited continuance.

Defendant's reliance on *Brooks v. Tennessee*, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), is misplaced. *Brooks* struck down a statute which required the defendant in a criminal case to testify before any other defense witnesses if the defendant was going to testify. *Id.* 92 S.Ct. at 1892, 1895. In *Brooks*, the defendant did not testify. *Id.* at 1892.

In the present case, the trial court was faced with a request for a continuance in the middle of trial because of an absent defense witness. Defendant asserts that by requiring him to otherwise proceed with his case the trial court impermissibly dictated the sequence of evidence presented by compelling defendant to testify before hearing the other evidence. On the contrary, the trial court merely ordered the case to proceed and gave defendant the additional benefit of allowing one witness to testify the following Monday. Defendant was not required to do anything else. Defendant had already consulted with counsel and decided to testify.

The present case is more factually similar to *State v. Jordan*, 646 S.W.2d 747 (Mo. banc 1983). In *Jordan*, the trial court denied an application for continuance sought because of the absence of a defense witness. *Id.* at 752–53. Upholding the trial court's exercise of discretion, our supreme court stated that the defendant "cannot be heard to say he was entitled to hear the testimony ... in order that he might tailor his testimony to correspond therewith." *Id.* at 753. Likewise, in the present case "it cannot be demonstrated that the denial of the motion forced the defendant to testify when he would not otherwise have done so." *Id.*

The trial court did not abuse its discretion, nor did the trial court's ruling violate defendant's due process right to the benefit of counsel. Point three is denied.

Defendant argues in his fourth point that the trial court plainly erred by allowing the state to present rebuttal evidence as to whether defendant had requested medical treatment at the time of his arrest. Defendant contends that this is a collateral issue first brought into the case during the cross-examination of defendant.

■ When a defendant is cross-examined concerning a collateral matter in order to impeach the defendant's testimony, the answers given are conclusive and may not be the subject of rebuttal testimony. *State v. Westrich*, 664 S.W.2d 614, 616 n. 1 (Mo. App.1984). Because defendant's claim of error was not properly preserved, however, our review is limited to determining whether manifest injustice or miscarriage of justice resulted from the alleged error. Rule 30.20.

■ Defendant narrowly asserts that the matter at issue is whether he sought medical treatment. However, defendant had testified on direct examination that he was struck and knocked down by Littlejohn's car, and that Littlejohn hit him in the face with his fists and kicked him. The trial court could have determined that the rebuttal testimony concerning the absence of medical treatment went to the issue of whether defendant had been injured or struck.

Moreover, during cross-examination, defendant testified that he needed no medical attention and that he said nothing to the police. During recross examination, defendant testified that he did ask the police for medical treatment. Given this self-contradiction, we find the rebuttal testimony did not result in manifest injustice or miscarriage of justice. Point four is denied.

In his fifth point, defendant maintains that the trial court erred by refusing to give a self-defense jury instruction. We first point out, without endorsing defendant's other points relied on, that this point falls short of the requirements of Rule 30.06(d). These requirements are explained in the context of Rule 84.04(d) in *Thummel v. King*, 570 S.W.2d 679, 684 (Mo. banc 1978).

■ Further, defendant did not set forth the refused instruction in the argument portion of his brief as required by Rule 30.06(e). The issue was therefore not properly preserved for appeal, *State v. Kitson*, 817 S.W.2d 594, 601 (Mo.App.1991), and our review is limited to determining whether

plain error resulted. *See* Rule 30.20. For a failure to instruct to be plain error, the appellate court must find under the facts and circumstances that there has been manifest injustice. *State v. Robinson,* 650 S.W.2d 11, 13 (Mo.App.1983).

A jury instruction must be supported by substantial evidence to be considered by the trier of fact. *State v. Kroll,* 682 S.W.2d 78, 84 (Mo.App.1984). In determining whether a self-defense instruction is required, the court must view the evidence "in the light most favorable to the theory put forth by defendant." *Skinner,* 734 S.W.2d at 880.

In the present case, defendant attempted to raise the issue of self-defense. Given the severity of Littlejohn's injuries, his inebriated condition, the lack of injury to defendant, and the protracted chase, there was not substantial evidence to support a self-defense instruction. We find no plain error. Point five is denied.

Defendant's sixth point asserts that the trial court erred by refusing to instruct on private arrest, voluntary intoxication, and duress. We point out first that this point relied on and the argument section suffer from the same defects of form as point five. The standard of review is likewise for plain error.

In refusing an instruction on private arrest the trial court could justifiably have found that there was not substantial evidence to support a reasonable belief that deadly force was immediately necessary to effect the arrest of a person whose car had stalled and who was bloodied and on his hands and knees when defendant arrived. *See* § 563.051.3(3) RSMo 1986. Furthermore, there is no evidence that Littlejohn had the requisite mental state for attempted murder as alluded to in defendant's brief. *See* §§ 565.020, 565.021 RSMo 1986.

To support an instruction on voluntary intoxication, there must be evidence that the defendant was so intoxicated that the defendant could not have had the mental state of "knowingly." *Kroll,* 682 S.W.2d at 81. In the present case, the evidence was that the victim, not the defendant, was intoxicated. The instruction was properly refused.

The defense of duress is available when a defendant is coerced to engage in the conduct charged by the threat or use of unlawful physical force of such a degree that a person of reasonable firmness could not resist. § 562.071 RSMo 1986. Defendant claims that the presence of three muggers coerced him into kicking Littlejohn a final time. Assuming that these people were present, there is no evidence that they indicated that defendant should strike Littlejohn or that any threat could not have been avoided by walking away. *See State v. Horne,* 778 S.W.2d 756, 757 (Mo.App. 1989). The instruction was not supported by substantial evidence and was properly refused. We find no plain error. Point six is denied.

Defendant's final point is that the trial court erred by including the word "stomp" in the verdict directing instruction. The applicable instruction calls for the court to "insert means by which injury was caused." MAI–CR3d 319.02. The term "stomping" was inserted as one of those means. "Instructions should not be confusing, ambiguous, or equivocal, nor should they mislead jurors." *State v. Shatto,* 786 S.W.2d 232, 234 (Mo.App.1990). The term "stomping" clearly complies with this standard. It was the term used by witnesses to describe what they saw, and it succinctly conveys a clear picture. The purpose of jury instructions is to communicate the applicable law in a way that average lay people can understand. *State v. Babbitt,* 639 S.W.2d 196, 198 (Mo.App. 1982). Average lay people can understand "stomping." Defendant's brief does not tender a more easily understood or less ambiguous alternative. We find no plain error in the trial court's submission of the challenged instruction. Point seven is denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and KAROHL, J. concur.