STATE of Missouri
Plaintiff-Respondent,

v.

**Louis Anthony WORKES,**
**Defendant-Appellant.**

No. 48546.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 26, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied
May 29, 1985.

Henry B. Robertson, St. Louis, for defendant-appellant.

John D. Ashcroft, Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury for forcible rape, forcible sodomy, kidnapping, and robbery in the second degree. He was sentenced to a total of 80 consecutive years by the trial court. We affirm.

On appeal defendant challenges his convictions of robbery and rape on the basis that no submissible case was made. He also postulates error in the admission of evidence concerning the victim's physical response upon viewing lineups. Some statement of the facts is required.

The victim had gone to her place of employment at a Hardee's Restaurant in Maplewood. She arrived there at 4:20 a.m. and was sitting on the curb waiting the arrival of the manager to open the building. Defendant and his co-defendant, Meyer, approached her in a truck. After some perfunctory conversation defendant got out of the truck and grabbed the victim around the neck. She was forced into the truck between the two men. Defendant drove the truck to a park in the City of St. Louis. While en route the victim was forced to perform fellatio on each man. Upon arrival in the park the victim was removed from the truck by Meyer and taken to a tree. There the victim was again forced to perform fellatio but after a short time Meyer abandoned that activity and had sexual intercourse with the victim. Upon completion of Meyer's activities defendant arrived from the truck and forced the victim to complete his "blow job." After this had been accomplished the victim and defendant returned to the truck. The victim was returned to her place of employment with a warning not to report the incident. She subsequently discovered that $10 had been removed from her purse. The purse had been constantly in her possession except for the time she was out of the truck. Meyer and defendant were not present together with the victim in the park while she was out of the truck.

Defendant admitted his presence at the scene but denied having any sexual relationship with the victim and testified she willingly entered the truck and went into the park with Meyer. The co-defendant, Meyer, testified that the victim, previously unknown to him, willingly entered the truck, willingly went with him into the park, initiated an act of fellatio and willingly had intercourse with him. Witnesses testified that the victim was agitated and crying at the restaurant, at the hospital and after release from the hospital.

■■ Defendant first contends that the evidence failed to establish that the taking of money from victim's purse was as a result of violence or threat of violence and that at most stealing was proven. It is a reasonable inference from the evidence that the money was taken while the victim was out of the truck with one of the co-defendants. Sec. 569.030 RSMo 1978, provides that a person commits robbery in the second degree when he "forcibly steals property." "Forcibly steals" is defined in Sec. 569.010 RSMo 1978, as "when, in the course of stealing, ... he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) *Preventing* or overcoming *resistance to the taking of the property* or to the retention thereof immediately after the taking;" (Emphasis supplied). It is not necessary that property be taken from the immediate physical presence of the victim in order to constitute robbery. *State v. Atkins*, 549 S.W.2d 927 (Mo.App.1977) [1–7]. Nor is it necessary that the force or threat of force immediately accompany the taking. *State v. Harris*, 622 S.W.2d 742 (Mo.App.1981) [3, 4]. It is not essential that the victim be aware of the robbery if force is utilized to render her unaware of the taking. *State v. Williams*, 548 S.W.2d 227 (Mo.App.1977) [1–3].

Here the victim was placed into the truck through force and threat of violence. She was removed from the truck and taken into the park in the same way. That force served to prevent her resistance to the taking of the money. That force or threat of force continued while she was in the park. Defendant was aware of this. Without the force neither co-defendant would

have had the opportunity to steal the money. Under the circumstances here the stealing of the money constituted robbery as it occurred while the victim was under the threat of force, and that force made her unaware of the theft.

We similarly reject defendant's contention that the evidence was insufficient because it did not establish an intention to rob at the time force was first exercised—when the victim was abducted. The force continued from the beginning to the end of the episode and the formation of the intent to steal occurred during the continuation of that force and in reliance on that force. The state made a submissible case of robbery in the second degree.

▆▆▆ Defendant next contends that the rape charge was not established because the evidence indicated that when Meyer took the victim into the park he intended to commit sodomy not rape. Defendant therefore posits that his liability as an aider and abettor was not proven under Secs. 562.036 and 562.041 RSMo 1978, because he did not aid Meyer in committing the rape. It is true that a culpable mental state must be found for all offenses for which the defendant is to be held liable. *State v. Logan*, 645 S.W.2d 60 (Mo.App. 1982) [2]. But we think it too broadly states the proposition to require the evidence to establish a defendant's specific knowledge of which particular crime his co-participant will commit. The courts have held that culpable mental state may be inferred from the circumstances. *State v. Turner*, 623 S.W.2d 4 (Mo. banc 1981) [3, 4]; *State v. Millican*, 641 S.W.2d 144 (Mo. App.1982) [3]. That is simply a way of expressing the concept that if a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes which he could reasonably anticipate would be a part of that conduct. *State v. Logan, supra.*

▆▆▆ Sec. 562.041 defining responsibility for criminal conduct states a person bears criminal responsibility when

"(2) either before or during the commission of *an* offense with the purpose of promoting the commission of *an* offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit *the* offense." (Emphasis supplied).

The utilization of the indefinite article "an" to describe the offense when dealing with the required purpose, i.e. mental state, reflects the statutory intention to place accountability in a co-participant for the specific crime committed by another as part of the criminal activity. Here the victim was subjected to assaultive conduct—kidnapping and forcible sodomy—prior to arrival in the park. It is certainly inferable that her removal from the truck by Meyer was with the intent to commit further assaultive acts. Rape is such an act. It is frequently a companion act to forcible sodomy. Defendant assisted Meyer in bringing the victim to the park and in assaulting her on the way there. He was aware that she would be further assaulted by Meyer in the park. He had the culpable mental state to assist Meyer in assaulting the victim. That he may have believed that that assault would be directed to a different orifice than it was in no way relieves him of responsibility for the assault which actually occurred. The evidence was sufficient to support the conviction of rape.

▆▆▆ Defendant's final point challenges the admissibility of testimony of a police officer that at lineups on the same day as the assaults the victim backed away as she pointed out the defendant and Meyer. It is contended that this constituted hearsay. Identification was not an issue in the case; defendant admitted his presence. The testimony that the victim pointed out defendant and Meyer in the lineups, if hearsay, could not have been prejudicial. Because the litigated issue was consent, the victim's recoil at seeing defendant and Meyer could be perceived as indicating fear or revulsion and therefore was probative on the consent issue. But the act of the victim in backing away was not intended as an assertion of fact. It was rather a spontaneous reaction and its description by the police officer was not hearsay. *State v. Abram*, 632 S.W.2d

60 (Mo.App.1982) [7]. The evidence was properly admitted.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.