**44**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

STATE of Missouri,
Plaintiff–Respondent,

v.

**Phillip CLAY, Defendant–Appellant.**

No. 52481.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 15, 1988.

Dan J. Pingelton, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Phillip Clay appeals from the judgment entered by the trial court following his conviction by a jury of forcible sodomy, felonious restraint, attempted robbery in the first degree and armed criminal action. The trial court, having found appellant to be a persistent sexual offender, sentenced him to thirty years' imprisonment without possibility of parole for the sodomy consecutive to three concurrent jail terms of five years imposed for the other three crimes of felonious restraint, attempted robbery and armed criminal action. We affirm the judgment of the trial court.

Appellant challenges his conviction of each offense based on the sufficiency of the evidence.

In determining whether evidence is sufficient to sustain a criminal conviction, we accept as true all evidence, direct and circumstantial, and all reasonable inferences which are most favorable to the verdict and disregard the evidence and inferences contrary to a finding of guilt. *State v. Moiser*, 738 S.W.2d 549, 553 (Mo.App.1987). We do not weigh the evidence, but, rather, determine whether or not there was substantial evidence to support the jury verdict. *Id.* Substantial evidence means evidence from which the trier of fact could find the issue in harmony therewith. *Id.*

On July 20, 1985, at about ten or eleven p.m., Eulanda Edwards, the victim, decided to walk from her home to a nearby bar in the City of St. Louis. On McPherson Avenue, she passed appellant and another man walking in the opposite direction. They asked her for the location of a party. Answering she did not know of one, she kept walking. A few moments later, both men grabbed her. The shorter of the two men held a knife to her throat with one hand

and cupped his other hand over her mouth while appellant told her to "come on". They dragged her from the street into a vacant lot.

From his third story window, a resident of the neighborhood witnessed the victim being accosted. He immediately called the police. Before the police arrived, both appellant and his cohort had pulled at victim's blouse and told her to disrobe. Appellant began to go through her purse and complained that she had nothing there. He mentioned to his accomplice that perhaps she had money in her bra. The short man took off victim's shirt, but she had no bra on, and also told her to remove her skirt. Appellant suggested they take victim with them. Upon discovering some pills, an antibiotic in victim's purse, appellant stated he would not touch her because he did not want to catch any diseases. His confederate responded, "Well, she gonna do something," and he forced her to engage in fellatio. Although she could not see appellant during the commission of the sodomy, she heard him walking around.

During the sodomy, the police arrived and both men fled. A chase ensued. Appellant attempted to elude the police by diving into some bushes. After warning appellant to stop, to which appellant had shouted, "Stay back or I'll shoot," one of the officers fired his shotgun at appellant. The police apprehended appellant as he lay bleeding from the pellet wounds in his legs. They recovered a knife underneath him. The victim identified appellant as one of her assailants. Appellant was then taken to the hospital.

When questioned there by a police detective, appellant gave him a statement. Appellant related that his cohort and he had seen victim "tricking" and decided to steal her money. They discovered, however, that she had no money. He added that since she had no money, she offered them sex which appellant declined. Appellant's trial testimony reiterated the statement he had given to the police detective at the hospital. He added that the act of sodomy between victim and the short man was consensual, and that the victim had permitted him to look through her purse for a cigarette. Based on the foregoing evidence, the jury found appellant guilty of forcible sodomy, felonious restraint, attempted first degree robbery and armed criminal action.

Appellant states the evidence was insufficient to support any of his convictions. He contends that, as an accomplice, the evidence of his actions and of his demonstrated mental intent does not support his conviction for the sodomy. He also claims the evidence was insufficient to convict him of felonious restraint because he did not act to restrain the victim or expose her to risk of harm. He further argues no evidence showed that he attempted to rob victim while armed with a dangerous weapon to warrant the conviction for attempted robbery. Finally, he attacks the propriety of the armed criminal action conviction because the evidence failed to establish that he had the requisite mental state since he had not used the weapon himself and had not known his companion used a weapon. We find no merit to any of appellant's challenges to his convictions based upon the sufficiency of the evidence.

■ Appellant was convicted of sodomy in violation of § 566.060 RSMo 1986 as an accomplice. He argues that his initial actions of grabbing complainant and subsequent action of remaining at the scene during the sodomy of victim by another person do not reach the level of complicity required to support his conviction as an accomplice. He also highlights his statement that he would not touch victim after having found medication in her purse as evidence he lacked the requisite mental state to commit the sodomy.

Section 562.041 RSMo 1986 sets out the modern criminal complicity rules. A person is criminally responsible for the conduct of another when "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." *Id.* We have no difficulty in concluding that appellant's conduct meets the requisite complicity to warrant his con-

viction for forcible sodomy. He grabbed the victim and, with his co-participant, dragged her into a vacant lot. He pulled at her blouse in their efforts to undress her. Appellant had also suggested initially that they take victim with them. He remained at the scene while his cohort sodomized the victim. Appellant's actions clearly reflect that he aided in the commission of the sodomy.

■ Appellant is correct that the evidence establishing he acted "with the purpose of promoting the commission of an offense", § 562.041.1(2) RSMo 1986, must also be accompanied by proof he acted with the "required culpable mental state". § 562.036 RSMo 1986. It is true that a culpable mental state must be found for all offenses for which the defendant is to be held liable. *State v. Workes*, 689 S.W.2d 782, 785 [3] (Mo.App.1985); *State v. Logan*, 645 S.W.2d 60, 64[2] (Mo.App.1982). Under the general rule, if an accomplice has a purpose to promote an offense, he may be found to have the required culpable state of mind for that offense. *State v. Roberts*, 709 S.W.2d 857, 863 (Mo. banc 1986).

In *Workes*, we noted our belief that to require the evidence to establish a defendant's *specific* knowledge of which particular crime his co-participant will commit is overbroad. *Workes*, 689 S.W.2d at 782 [4]. (emphasis ours) Recognizing that culpable mental state may be inferred from the circumstances, we opined that if one has embarked upon a course of criminal conduct with others, one is responsible for those crimes which one could reasonably anticipate would be a part of that conduct. *Id.* [5]. *See also State v. Jackson*, 736 S.W.2d 506, 507 [1] (Mo.App.1987).

Here, appellant assisted his co-participant in grabbing the victim, dragging her to the vacant lot, and pulling at her clothing. As his co-participant forced the victim to disrobe, appellant suggested that he look in her bra and that they take the victim with them, presumably for some illicit purpose. His statement after discovering the pills in the victim's purse that he was not going to touch her, while negating the likelihood of victim's rape by him, did not dispel the possibility that he also intended for her to sodomize him, after his co-participant. He was also aware that his cohort intended to sexually molest the victim. During his co-participant's commission of the sodomy, he stood by. When the police arrived, interrupting the criminal episode engaged in by appellant and his co-participant, he fled from the police. His actions reflect his purpose to promote an offense and we find that he had the required culpable mental state in assisting his co-participant in the forcible sodomy of victim.

We are also satisfied with the sufficiency of the evidence to support his convictions of felonious restraint, attempted robbery in the first degree and armed criminal action. We need not reiterate the general principles of accomplice liability and the appropriate standard of review previously discussed. These same principles are equally applicable to these three convictions.

■ Both men restrained the victim. The victim testified that she felt appellant's co-participant hold a knife to her throat. Although she never actually saw the knife, the police recovered a knife underneath appellant when he was apprehended. This evidence established that appellant "unlawfully without consent" interfered substantially with her liberty and exposed her to a "substantial risk of serious physical injury". § 565.120 RSMo 1986. The same evidence, reviewed in its totality, permits the logical inference that appellant knew his co-participant was using or armed with a dangerous weapon in violation of § 571.015 RSMo 1986. Finally, appellant's conviction of attempted first degree robbery, §§ 564.-011 and 569.020 RSMo 1986, required the jury find that appellant or "another participant in the crime" attempted to forcibly steal property "and in the course thereof he, or another participant in the crime, ...[i]s armed with a deadly weapon". Again, while the evidence did not show that appellant himself used the knife, the circumstances permits an inference of his knowledge of his cohort's use of a knife. Thus, the evidence sufficiently indicated appellant's promotion of all the felonies with which he was charged and the requi-

site culpable mental state for their commission. The judgment of the trial court is affirmed.

KAROHL, P.J., and SMITH, J., concur.