**Louis Anthony WORKES,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

**No. 54141.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

---

1. This case was tried prior to our ruling in *Horst*.

Lisa K. Clover, Asst. Public Defender, Hillsboro, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

In February 1984 movant was convicted by a jury of forcible rape, forcible sodomy, kidnapping, and second-degree robbery and was sentenced to consecutive prison terms of 25, 25, 15, and 15 years. A statement of the facts of the case is set forth in *State v. Workes*, 689 S.W.2d 782 (Mo.App.1985), wherein we affirmed movant's convictions on direct appeal.

Movant filed a pro se Rule 27.26 motion, in which he made several complaints regarding the performance of his trial counsel. After counsel was appointed to represent movant, an amended motion was filed, alleging two instances of ineffective assistance of trial counsel: counsel failed to make a motion to sever movant's trial from his co-defendant's trial, and counsel failed to effectively impeach the victim. The motion court issued findings of fact and conclusions of law, denying movant's motion without an evidentiary hearing.

Raising one point on appeal, movant contends the court erred in denying his motion without an evidentiary hearing because "an issue of fact had been raised in the motion." He argues his claim that counsel was ineffective in failing to move for severance of his trial from that of his co-defendant warranted an evidentiary hearing.

■■■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A defense counsel will not be held ineffective for failing to file a motion which would have been doomed to fail. *Pollard v. State*, 627 S.W.2d 114, 116 (Mo.App.1982).

Movant made the following pertinent allegations in his amended motion:

Counsel failed to move for the severance of codefendant's trials. Such failure to preserve Movant's right to be tried as an

individual without the taint from his co-defendant's presence prejudiced Movant's case. Movant was forced to stand trial for his codefendant's actions. Had counsel assured separate trials for the two codefendants, Movant's case could have been better presented. The victim ... testified at trial that she had sexual intercourse with Movant's codefendant and that she gave "blow jobs" to both men. Both the victim and Movant's testimony verified that the Movant was driving. Counsel could have effectively attacked the possibility of fellatio while Movant was driving if counsel had first removed the taint of the codefendant's presence at trial. Movant's counsel could have presented a stronger case for Movant by removing the connection between Movant and his codefendant during trial. Movant was thereby prejudiced by his counsel's failure to render effective legal assistance.

The motion court found movant was not entitled to severance under the law in effect at the time of his trial.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

At the time of movant's trial, Rule 24.06 governed severance of joint defendants, and it provided as follows: [1]

(a) Any defendant jointly charged with one or more defendants with the commission of any felony other than under the provisions of Sections 566.030 or 566.060, RSMo, upon his motion made prior to the commencement of trial, shall be tried separately. In the absence of such a motion such jointly charged defendants shall be tried jointly or separately as the court in its discretion may order.

(b) When two or more defendants are jointly charged under the provisions of one or more Sections 566.030 or 566.060, RSMo, they shall be tried jointly or separately as the court in its discretion may order, unless there is evidence admissible against one or more defendants and not admissible against one or more other defendants, in which event, upon motion made prior to the commencement of trial by a defendant against whom the evidence is inadmissible, the defendant or defendants against whom the evidence is admissible shall be tried separately.

....

The word "evidence" as used in this Rule shall not include evidence of character, reputation, or prior convictions.

Movant and his co-defendant were each charged with and convicted of forcible rape, § 566.030, RSMo 1978, and forcible sodomy, § 566.060, RSMo 1978. *See State v. Meyer*, 694 S.W.2d 853, 854 (Mo.App. 1985); *Workes*, 689 S.W.2d at 784. Under Rule 24.06(b) a motion for severance filed prior to the commencement of movant's trial would not have been granted automatically. Rather, movant would have had to show there was evidence which was admissible against his co-defendant and inadmissible against him. *State v. Tate*, 658 S.W. 2d 940, 946 (Mo.App.1983).

■ Movant failed to allege in his Rule 27.26 motion any facts or evidence which would have provided a basis for a motion to sever; therefore, his motion did not state sufficient facts which, if true, would warrant relief for ineffective assistance of counsel for failure to file a motion for severance. The findings and conclusions of the motion court, denying movant's motion without an evidentiary hearing, are not clearly erroneous.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.

1. Rule 24.06 was amended to its present form     September 30, 1985, effective July 1, 1986.