STATE of Missouri, Respondent,

v.

Michael McGOWAN, Appellant.

No. WD 42372.

Missouri Court of Appeals,
Western District.

May 22, 1990.

Daniel C. Miller, Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

CLARK, Judge.

Michael McGowan was convicted of one count of second degree assault, three counts of third degree assault and one count of armed criminal action, all the result of a street gang confrontation which occurred October 16, 1988. On this appeal from the convictions, McGowan contends the state failed to make a submissible case and that he should be discharged.

The uncontroverted evidence established the following facts. McGowan was a member of a gang known as the Chouteau Boys. That group had an ongoing conflict with a rival gang of which one Omar Wright was a member. On the evening in question, McGowan and others of the Chouteau Boys met to discuss plans for a confrontation with Omar Wright. After concluding they should go in search of Wright, McGowan and four of the other gang members set out in a pick-up truck to settle differences with the rival gang. Wright was armed with a revolver and his companions had shotguns, another revolver and a semi-automatic rifle.

When the McGowan group reached an area known to be frequented by Omar Wright, a number of shots were fired by those in the truck, although Wright had not been sighted. The truck continued on and there was further gunfire when Wright and others of his gang were located. Four

bystanders were wounded by bullets and shotgun pellets and one member of Wright's group was also struck in the series of shootings. There was no evidence showing that McGowan ever fired his revolver or that any of the victims' injuries resulted from bullets discharged from McGowan's weapon.

The claim by appellant that the evidence was insufficient to support his convictions for assault and armed criminal action is based on his argument that it was essential for the state to show more than his mere presence with the other gang members who committed the crimes. He contends he could not be convicted without proof of his actual participation in the shootings.

Aiders and abettors who act with common purpose with active participants in the crime incur criminal liability by any form of affirmative advancement of the enterprise. *State v. Gannaway*, 649 S.W.2d 235, 239 (Mo.App.1983). Indicia of aiding and abetting include presence at the scene of the crime, flight therefrom and association with others involved before, during and after commission of the crime. *State v. Simpson*, 778 S.W.2d 705, 707 (Mo.App.1989). A defendant's presence at the scene and his companionship and conduct before and after the offense are circumstances from which one's participation in the crime may be inferred. *State v. Gonzalez–Gongora*, 673 S.W.2d 811, 813 (Mo.App.1984). Proof of any form of participation by a defendant in the crime is sufficient to support a conviction. *State v. Blount*, 734 S.W.2d 309, 310 (Mo.App. 1987).

In the present case, the evidence established that appellant met with the other members of the Chouteau Boys to plan a confrontation with the rival gang and to seek retribution against Omar Wright for a perceived offense. Appellant was armed with a revolver which he carried with him in the company of the other gang members as the group went to provoke a fight. He remained in the company of the others as they shot weapons indiscriminately in a populated area and, after the shootings, appellant fled from the area and later denied to the police that he had been present when the shootings occurred. The evidence was sufficient, without proof that appellant actually fired his weapon, to sustain his conviction on the charges.

Involvement in gang activity supports and encourages whatever enterprise is undertaken by the group. Where the group activity is the use of weapons to wound or kill supposed adversaries, one who joins the group and himself carries a weapon aids and encourages the gang enterprise and affirmatively advances the objective. Such is sufficient conduct upon which to base a conviction for crimes the gang perpetrates.

The judgment is affirmed.

All concur.