**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jaime E. MOLINA, Defendant–Appellant.**

No. 27998.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2008.

Rebecca Kurz, Asst. Appellate Defender, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., for Respondent.

JOHN E. PARRISH, Presiding Judge.

Jaime E. Molina (defendant) appeals convictions for forcible sodomy, § 566.060.1,[1] and forcible rape, § 566.030.1.[2] Defendant was convicted of those offenses following a jury trial. He was charged as, found to be, and sentenced as a prior offender. This court affirms.

Defendant was tried with a co-defendant, Keith B. Liles. Liles' convictions were affirmed. *See State v. Liles,* 237 S.W.3d 636 (Mo.App.2007). Facts disclosed by the evidence are recited in the opinion in that appeal at pages 637–38. They will not be repeated in this opinion other than as may be necessary to address the issues now before this court. Additional facts related to the issues in this appeal are set out in the following discussion.

■ Defendant's points on appeal contend the trial court erred in denying his motions for judgment of acquittal at the close of all the evidence and in sentencing him for the offenses of forcible sodomy (Point I) and forcible rape (Point II). Defendant argues that the evidence was not sufficient to prove that he acted with the purpose of promoting or furthering the commission of the forcible sodomy or forcible rape of the victim by Liles.

Defendant's conviction for the offenses of forcible sodomy and forcible rape were based on his having been an accessory to Liles. The verdict-directing instructions for both offenses included the element that to convict defendant of the offense, the jury had to find "that with the purpose of promoting or furthering the commission of [the offense], the defendant Jaime Molina aided [Liles] in committing that offense."

Defendant's argument that the evidence was not sufficient to support convictions for forcible sodomy and forcible rape as an accessory is that the only thing Liles and defendant planned to do at the apartment where the offenses were committed was to claim they were FBI agents who wanted to search the apartment for a meth lab; that their plan was only to commit burglary and robbery. He argues that he had no knowledge that Liles intended to commit, or committed, sodomy and rape of the victim.

■ *State v. Dulany,* 781 S.W.2d 52 (Mo.banc 1989), states the standard of review for claims of insufficiency of evidence.

On review, the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary.... In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

---

1. References to statutes are to RSMo 2000.

2. Defendant was also convicted in the same trial of burglary in the first degree, § 569.160, robbery in the first degree, § 569.020, and armed criminal action, § 571.015. Those convictions are not appealed.

*Id.* at 55 (citations omitted). And, with respect to accessory liability, *State v. Booyer*, 87 S.W.3d 926 (Mo.App.2002), explains:

> Missouri has "eliminated the distinction between principals and accessories ... and it is now the law that all persons who act in concert are equally guilty." *State v. Barnum*, 14 S.W.3d 587, 591 (Mo.banc 2000). This law is bottomed upon two statutes. Section 562.036 provides that "[a] person with the required culpable mental state is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is criminally responsible, or both." Section 562.041(1)(2) states that "[a] person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense *with the purpose of promoting the commission of an offense*, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." ([E]mphasis added.) This statute "comprehends any of a potentially wide variety of actions intended by an individual to assist another in criminal conduct." *Barnum*, at 591 (quoting *State v. Richardson*, 923 S.W.2d 301, 313 (Mo.banc 1996)).

*Id.* at 929.

After defendant and Liles forced their way into the apartment where the acts that resulted in defendant's conviction occurred, Liles took the victim into the bathroom and committed sodomy and rape. Before taking the victim into the bathroom, victim and her husband had been laying on the floor in another location in the apartment. Liles grabbed the victim and "started rubbing [her] private area" through her clothing.

Defendant restrained victim's husband at knife point while Liles was in the bathroom with the victim. Victim's husband testified that before taking the victim into the bathroom, Liles "looked over at [her] on the floor and he said, 'I'm going to get me some of that.'" Victim's husband heard the victim crying in the bathroom asking Liles not to hurt her. Victim's husband reported to the police that while Liles had the victim in the bathroom, Liles called out, "Do you hear me raping your wife?"[3]

There was sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that regardless of whether defendant initially anticipated commission of any crime other than burglary or robbery, his acts in restraining victim's husband while Liles committed rape and sodomy were done knowing that those acts were occurring. The evidence was sufficient for the jury to have found defendant aided Liles in the commission of the crimes of rape and sodomy and that defendant was therefore an accessory in their commission. Points I and II are denied. The judgment is affirmed.

BATES and SCOTT, JJ., concur.

---

**3.** The police officers' testimony about what victim's husband told them was admitted without objection. It was, therefore, probative and competent, *State v. Owens*, 849 S.W.2d 581, 586 (Mo.App.1993), subject to receiving whatever value the jury chose to give it, *State v. Albarado*, 6 S.W.3d 197, 203 (Mo.App.1999).